## LEVI FOLSOM *vs.* JESSE HASKELL & Trustee.

If C. owes A. on a claim not negotiable, but which has been assigned by A. to B., he is not chargeable as trustee of B. unless he has promised to pay the debt to B. or recognized B. as his creditor.

IN this case the principal defendant was defaulted. The alleged trustee admitted, in his answer, that he had a certain sum of money in his hands belonging to William A. Haskell, and that he had received notice of an assignment of this sum by said William to Jesse Haskell, the principal defendant, but it did not appear that the trustee had ever promised the principal defendant to pay this sum to him. On these facts the court of common pleas charged the trustee, who appealed to this court.

*J. Codman*, for the trustee, argued that in order to charge one as trustee, it is necessary that the principal defendant should have a cause of action against him in his own name and right, and cited *Maine Fire and Marine Insurance Company* v. *Weeks*, 7 Mass. 438.

*T. G. Coffin*, for the plaintiff, contended that as the trustee admitted that he had funds in his hands belonging to the principal defendant, for which the latter could maintain an action in the name of W. A. Haskell, he was properly charged

as trustee, and that it was no ground of objection that the trustee would not be liable to an action in the name of the principal defendant, and cited *Hooper* v. *Hills,* 9 Pick. 435, 440.

SHAW, C. J. The question in this case is, whether a party to whom a *chose in action* has been assigned, so that *primâ facie* he could maintain an action thereon in the name of the assignor, is put in such a relation to the debtor that the latter can be summoned as his trustee. The tendency of our laws is to exempt the person, but the more effectually to charge the property of the debtor; yet as this is the first attempt to charge a trustee under such circumstances, although our statutes regulating the trustee process have been in force for seventy years, it becomes the court to look carefully at the case.

It is conceded that an action would lie against the alleged trustee for this money in the name of William Haskell, the assignor. We are of opinion that this is not enough; but that in order to charge the trustee he must be directly liable to Jesse Haskell the principal defendant. The assignee of a *chose in action* is made the attorney of the creditor to collect the debt and hold the proceeds to his own use. The debtor has nothing to do with the relation between the assignor and his assignee. How can he know or try, in this form of proceeding, the question whether the assignment was duly executed, or whether if executed it has been discharged or revoked, or whether other persons have obtained rights by other valid assignments? The whole theory of the trustee process is, that the trustee is a stranger to the suit, and his liability is to be decided on his own answers, and on facts within his own knowledge; and the reason is, that he knows the relation between himself and his creditors. But there is no relation, no privity, between him and the assignee of his creditor. If the trustee had promised to pay the debt to the assignee, the case would be different, for the latter would then be the legal creditor. *Trustee discharged*